**KEPNER, KEPNER & CORBA, P.C.**
ATTORNEYS AT LAW
123 West Front Street
Berwick, Pennsylvania 18603
570-752-2766 - Phone
570-752-7894 - Fax

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARY ROHRBACH and SHARON ROHRBACH, husband and wife, and SAURA ROHRBACH, | : : : | CIVIL ACTION - LAW |
| PLAINTIFFS, | : : | NO: |
| VS. | : : : | |
| BLACK CREEK TOWNSHIP, EDWARD WENGER, RANDALL YACOWATZ and ROLLAND CHEESEMAN, | : : : : | ELECTRONICALLY FILED |
| DEFENDANTS. | : | JURY TRIAL DEMANDED |

**COMPLAINT**

The Plaintiffs, GARY ROHRBACH and SHARON ROHRBACH, husband and wife, and SAURA ROHRBACH, by and through their attorneys, FRANKLIN E. KEPNER, JR., ESQUIRE, and KEPNER, KEPNER & CORBA, P.C., hereby complain of the Defendants as follows:

1.   Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2.   The Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. § 1331

1

because the claims raise federal questions under 42 U.S.C. § 1983.  Plaintiffs further invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under state law, because these claims form part of the same case and controversy as the claims brought pursuant to 42 U.S.C. § 1983.

3. The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs.

4. All actions complained of herein have taken place within the jurisdiction of the United States District for the Middle District of Pennsylvania, and all actions involve the Plaintiff and the Defendants who reside within this jurisdiction or are authorized to do business within this jurisdiction.

5. During all times germane hereto, the Plaintiffs, Gary Rohrbach ("Gary"), Sharon Rohrbach ("Sharon") and Saura Rohrbach ("Saura") (collectively, "Plaintiffs"), are citizens of the United States of America.  During all times mentioned herein, the Plaintiffs reside at 247 Hilltop Drive, Sugarloaf, PA 18249.

6. During all times germane hereto, the Defendant, Black Creek Township (the "Township"), is a Pennsylvania second class municipal township with principal business offices located at 1980 Tomhicken Road, Bloomsburg, PA 17815, Luzerne County, Pennsylvania.

7.     During all times germane hereto, the Defendant, Edward Wenger, ("Wenger"), is the Township's Zoning Officer with a business address of 200 Mahantongo St, Schuylkill County, Pottsville, PA 17901

8.     During all times germane hereto, the Defendant, Randall Yacowatz ("Yacowatz") is a Township Supervisor, with a business address of 1980 Tomhicken Road, Bloomsburg, PA 17815, Luzerne County, Pennsylvania.

9.     During all times germane hereto, the Defendant, Rolland Cheeseman ("Cheeseman") is a Township Supervisor, with a business address of 1980 Tomhicken Road, Bloomsburg, PA 17815, Luzerne County, Pennsylvania.

10.    The Plaintiffs have been residing at 247 Hilltop Drive, Sugarloaf, PA 18249, in excess of twenty (20) years.

11.    The Defendants have used their governmental power to harass, torment and violate the Constitutional Rights of the Plaintiffs herein to life, liberty and property without Due Process. Further, the Defendants have caused and/or encouraged the Township employees to violate the Plaintiffs' rights under the Constitution. The Defendants have conspired to deprive the Plaintiffs of their rights to Due Process as well as their rights to Equal Protection of the Law.

12.    The Plaintiffs have been critical of the actions of the Township and its Supervisors because the Township Supervisors, break the law and use Township Ordinances to treat certain residents with favoritism over other members of the

Township. When Plaintiffs, express concerns of this behavior during Township meetings, Plaintiffs are met with harassment, aggressive and violent behavior. The Defendants have attempted to punish the Plaintiffs for exercising their First Amendment Rights.

**COUNT I**
**(Plaintiff, Sharon Rohrbach v. Defendant, Edward Wenger)**

13.  Paragraphs one (1) through twelve (12) are incorporated herein by reference, as though each were fully set forth herein at length.

14.  On or about May 1, 2024, Defendant Edward Wenger filed a non-traffic citation against Plaintiff, Sharon Rohrbach, for operating an all-terrain vehicle within 100 feet of an adjoining or adjacent property line after having been given notice that the action was in violation of a township ordinance. A copy of the citation is attached hereto and made a part hereof and marked Exhibit "A".

15.  Plaintiff, Sharon Rohrbach, has never operated an all-terrain vehicle in the Township.

16.  On or about June 23, 2024, the Township withdrew their citation without any testimony having been taken.

17.  The Plaintiffs only became aware of the withdrawal when they called The Magistrate Court on about June 23, 2024, to confirm the hearing date and time and Plaintiff, Gary Rohrbach was informed that the citation was withdrawn.

4

18. The Plaintiffs believe and therefore aver that the citation filed against Sharon Rohrbach was simply a form of retaliation to harass her and cause her mental anguish. No one else in the Township has ever been cited for such conduct, despite the fact that many people in the Township, including the supervisors use the UTVs on public roads.

19. The Defendants by their actions have caused Plaintiffs mental anguish and aggravation.

## COUNT II
### (Plaintiffs v. Defendant Rolland Cheeseman)

20. Paragraphs one (1) through nineteen (19) are incorporated herein by reference, as though each were fully set forth herein at length.

21. On a number of occasions, Defendant, Cheeseman, has operated his motor vehicle in such a reckless manner as to drive Plaintiff, Saura Rohrbach off the road where she was lawfully operating her vehicle.

22. On another occasion, Defendant Cheeseman attempted to run Saura Rohrbach off the road by purposely speeding through the small road as she was driving by.

23. On one occasion, Cheeseman sped by Plaintiff, Sharon Rohrbach, in a shared Township road, hit and scratched the mirror on her vehicle.

24. Further, Cheeseman almost hit Plaintiff Gary Rohrbach when

Cheeseman was driving a Township dump truck.

## COUNT III
### (Plaintiffs v. Defendant, Rolland Cheeseman)

25. Paragraphs one (1) through twenty-four (24) are incorporated herein by reference, as though each were fully set forth herein at length.

26. In 2023, Defendant Cheeseman dumped piles of dog excrement on the Rohrbach property. He told the State Police that he dumped the excrement to keep animals away from his chickens.

27. On other occasions, Defendant Cheeseman hired individuals to work on his house. However, Cheeseman refused to obtain the portable toilets for his workers. The workers would trespass on to Plaintiffs' property to defecate. There were approximately thirty (30) piles of feces around Plaintiffs' property, as a result of Cheeseman's actions.

28. Defendant, Cheeseman was aware that the people employed to work on his property were engaging in such conduct.

## COUNT IV
### (Plaintiffs v. Black Creek Township)

29. Paragraphs one (1) through twenty-eight (28) are incorporated herein by reference, as though each were fully set forth herein at length.

30. On or about September 5, 2024, the Township instructed its

employees to dig up a private road which emptied from the Peak's and Cheesman's property in such a manner that the road when repaved emptied out onto the Plaintiff's property, which causes water problems. Since the Township's work on the private road, the Plaintiffs have been experiencing severe water problems in their driveway.

31. The Plaintiffs believe and therefore aver, that there was no reason for the Defendants to excavate a private road with taxpayer monies. The Plaintiffs believe that the Township and its employees undertook the work solely to harass and continue to persecute the Plaintiffs.

## COUNT V
### (Plaintiffs, Gary and Sharon Rohrbach vs. Defendant Edward Wenger)

32. Paragraphs one (1) through thirty-one (31) are incorporated herein by reference, as though each were fully set forth herein at length.

33. On or about December 12, 2023, Plaintiffs, Gary and Sharon Rohrbach applied for a recreational cabin permit. They said permit was granted by the zoning officer at the time. On February 12, 2024, Defendant Wenger unjustifiably revoked the Plaintiff's permit.

34. Other individuals, including a Township resident, Michael Fischer,

have been allowed to construct recreational cabins on their property despite violations of the Township zoning ordinance and despite the fact that they did not obtain the required permits for the cabin or the septic system in the cabin.

35. The Defendants' selective enforcement of the Townships' laws and ordinances against the Plaintiffs are arbitrary and capricious and done to intentionally discriminate against the Plaintiffs.

36. The Defendants treated the Plaintiffs' differently than similarly situated residents/homeowners in the Township regarding the enforcement of the Township's laws and ordinances.

37. Individuals were allowed to construct recreational cabins; however when, Plaintiffs wanted to contract a recreation cabin through legal means they were denied.

38. Resident, Michael Fisher, was permitted to sleep in the shed from time to time with no repercussions from the Township.

39. The Defendants have no rational basis to treat the Plaintiffs differently than similarly situated residents/homeowners in the Township regarding the enforcement of the Township's laws and ordinances.

40. Plaintiff, Sharon Rohrbach questioned Wenger about the fact that he unjustly revoked the Plaintiffs' recreational cabin permit and other individuals were permitted to have illegal recreational cabins. Wenger dismissed her question

by simply saying that "I have the right to enforce the laws as I sees fit. I enforced the laws against you. I don't have to enforce them against anyone else.

41. As a direct and proximate result of the Defendants' arbitrary and capricious enforcement of the law against the Plaintiffs, the Plaintiffs suffered injuries that are described above.

## COUNT VI
### (Sharon v. Randy Yacowatz)

42. Paragraphs one (1) through forty-one (41) are incorporated herein by reference, as though each were fully set forth herein at length.

43. Defendants, Yacowatz has engaged in a course of conduct to defame Sharon Rohrbach in social media.

44. Yacowatz uses his social media and his position as Supervisor to increase his audience and defame the Plaintiffs.

45. On or about November 1, 2025, Defendant, Yacowatz stated that Sharon Rohrbach was a liar who spreads hate propaganda using a Facebook Group. Plaintiff Sharon Rohrbach does not have any Facebook groups.

46. Defendant Yacowatz, would use his social media to divulge false information that Sharon Rohrbach was obsessed with feces and urine.

47. His statements are false and are solely intended to harm, harass and discredit Sharon Rohrbach's character.

## COUNT VII
### (Saura Rohrbach v. Edward Wenger)

48.  Paragraphs one (1) through forty-seven (47) are incorporated herein by reference, as though each were fully set forth herein at length.

49.  Wenger threatened to cite Plaintiff, Saura Rohrbach for driving her UTV on Township toad even though it is legal, because Saura was going to work on Plaintiff's farm.

## COUNT VIII
## MONELL CLAIM
## PLAINTIFFS V. BLACK CREEK TOWNSHIP

50.  Paragraphs one (1) through forty-nine (49) are incorporated herein by reference, as though each were fully set forth herein at length.

51.  The Plaintiffs believe and therefore aver that the Township has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence in the abuse of the power by the Township employees, such as Township Supervisors and the Zoning Officer, Wenger, to selectively enforce the Township Ordinances against the Plaintiffs.

52.  The Township has been maliciously, willfully, recklessly and deliberately indifferent to the Plaintiffs' rights to be free from arbitrary and capricious conduct in the enforcement of Township ordinances, which violate the

Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

53.     The Township, by and through its governing body, have known of its employees abuse of power against the Rohrbachs for years and has done nothing to stop it.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, jointly and/or severally in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, attorney's fees and injunctive or other appropriate relief to prevent further violations of their rights.

                                        KEPNER, KEPNER & CORBA, P.C.

                                        BY:  /s/ Franklin E. Kepner, Jr.
                                        FRANKLIN E. KEPNER, JR., ESQUIRE
                                        123 WEST FRONT STREET
                                        BERWICK, PA  18603
                                        (570) 752-2766
                                        ID #26156